PRÁXEDES SANTIAGO ALONSO, Appellant, *v.* THE REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1272. Submitted January 2, 1951.—Decided January 24, 1951.

*José C. Jusino* for appellant.　The Registrar appeared by brief.

Mr. JUSTICE TODD, JR., delivered the opinion of the Court.

The following facts appear from the deed of judicial sale executed by the Marshal of the District Court of Guayama on August 4, 1926 before Notary Miguel Guzmán Texidor: that Práxedes Santiago Alonso who had acquired a mortgage credit by assignment for the sum of $760.87 plus interest and $150 for costs and attorney's fees from Segundo Pedraza and his wife Paula Josefa Delgado instituted a summary foreclosure proceeding for its recovery in the District Court of Guayama against Segundo Pedraza and the heirs of Paula Josefa Delgado composed of her legitimate children named Eusebio, Eugenia, Marcelina, María, Valeriana, Anastacia and Juan Isabel Pedraza Delgado and her legitimate grandchildren Félix, Domingo, América, Eligio and Juana María Pedraza Fonseca, minors under the *patria potestas* of their mother Julia Fonseca; that the court ordered that the debtors be served with process stating in the order that the debtors who were in charge of the mortgaged farm or resided in Cidra should be served with process and in their default, the persons who were in charge of the farm in any legal capacity; that complying with said order the marshal went to the Bayamón ward in Cidra on June 2, 1926 and personally served Segundo Pedraza and Juan Isabel, Anastacia, Valeriana and María Pedraza with process, said persons being the ones in charge of the mortgaged farm; that since defendants did not pay to plaintiff the sum claimed after the lapse of thirty-days, plaintiff moved the court for an order of execution or for the public sale of the mortgaged property, whereupon the court issued the order sought; that said order was complied with after having published the corresponding edicts, and the mortgaged farm was sold for the sum of $1,250 at public auction

held on August 4, 1926 to the highest bidder who was plaintiff Práxedes Santiago Alonso to whom the farm was adjudicated; that all the assignments of said mortgage credit were duly notified to the mortgage debtors; that in order that the plaintiff should have a good title the marshal proceeds to sell and convey the farm which is described in the deed for the sum of $1,250 to Práxedes Santiago Alonso.

Having presented said deed in the Registry of Property of Caguas on December 14, 1948 for its registration, the same was denied on December 27, 1948 and the applying party was notified on June 7, 1950.[1] The Registrar's note reads as follows:

"Record of the aforesaid document is hereby denied and a cautionary notice is entered for the legal term of 120 days in favor of purchaser Práxedes Santiago Alonso, on page 62 back of Volume 26 of Cidra, farm No. 579 duplicate under entry letter 'C' because it appears from the registry that the farm object of the sale is recorded in favor of the conjugal partnership of Segundo Pedraza and his wife Paula Josefa Delgado; that the mortgage foreclosure proceeding was instituted against the widower Segundo Pedraza and the Heirs of Paula Josefa Delgado composed, as expressed in the deed, of her legitimate children Eusebio, Eugenia, Marcelina, María, Valeriana, Anastacia and Juan Isabel Pedraza Delgado and her legitimate grandchildren Félix, Domingo, América, Eligio and Juana María Pedraza Fonseca, the latter minors and under the *patria potestas* of their mother Julia Fonseca. That on May 29, 1926 the District Court of Guayama ordered service of process to the debtors for the sums claimed by the plaintiff within the term of thirty days, it being stated in the order that process should be served on the debtors who were in charge of the farm or who resided in Cidra or in their default on the person in charge of the mortgaged farm in any legal capacity. That complying with the order the marshal of the said court in the Bayamón Ward of Cidra and on June 2, 1926 personally served Segundo Pedraza, Juan Isabel, Anastacia, Valeriana and María Pedraza with process since they were the ones in charge of the mortgaged farm. That assuming

---

[1] The reasons for not notifying to the applying party the note of refusal of December 27, 1948 until June 7, 1950 are not stated.

that the said persons were the sole and universal heirs of the deceased spouse, process was served personally on Segundo Pedraza, Juan Isabel, Anastacia, Valeriana and María Pedraza without there being any showing that said process was served on the other afore-mentioned heirs, legitimate grandchildren of the deceased Paula Josefa Delgado, the court did not acquire jurisdiction over said minors who do not appear as having been served with process pursuant to the proceedings of service of process to order the sale of the immovable at public auction. And because, in addition, process was served on the persons of legal age, they were not warned by the marshal that in default of payment of the sums claimed, said farm would be sold in public auction; and further because said actions avoid the proceeding instituted against the heirs of the deceased."

 In order to review said note Práxedes Santiago Alonso filed this appeal and the only argument which he sets forth in a final analysis of his petition, is that the judgments rendered by the courts are presumed correct and that the marshal complied with the writ demanding payment issued in the mortgage foreclosure proceeding requesting payment from the debtors in charge of the farm which was what the court ordered and that if the other debtors were not personally served with process it was because they did not reside in the place where the farm is located and their domicile was unknown.

It is true that a judgment is presumed correct, nevertheless, it does not appear from the deed of sale—and this is the only document which is copied in the petition—that the marshal stated that the other debtors on whom he was ordered to serve process did not reside in Cidra and that he did not know their domicile, as required by § 128 of the Mortgage Law which in its pertinent part provides that "Demand for payment shall be made on the debtor if he resides in the place where the estate is located and if his domicile be known; otherwise it shall be sufficient to make demand upon the person who may be in charge of the estate in any legal capacity whatsoever, in order that he may advise the owner of the demand."

Furthermore, the Registrar is correct when he maintains that the registration of said deed did not lie. We have so decided in a similar case, *Santos* v. *Registrar*, 60 P.R.R. 131, interpreting § 128, *supra*, as well as § 171 of the Mortgage Law Regulations and in which we ratified *Arvelo et al.* v. *Banco Ter. y Agr.*, 25 P.R.R. 677, to the effect that, quoting from the second syllabus, "Section 128 of the Mortgage Law and § 171 of the Mortgage Law Regulations, in so far as they authorize the making of a demand for payment upon the person in charge of the property, do not refer to a case in which the debtor has died but to one in which the debtor does not reside in the municipal district where the mortgaged property is located." And in *Arvelo*, *supra*, we decided, also quoting from the syllabus that "Failing a demand for payment upon the heirs in a foreclosure proceeding, a demand upon the widow of the debtor who is in charge of the mortgaged property is not valid when the demand is not made upon her as the attorney in fact of adult children or the representative of minor children."

In the case at bar the nullity of the demand for payment is even clearer since it was not made on those heirs of Paula Josefa Delgado who are her five minor grandchildren by the name of Pedraza and Fonseca defendants represented by their mother Julia Fonseca.

■ As to the second ground of the Registrar's note, appellant is silent, but it should also be sustained because it does not appear from the deed of sale that in the demand for payment the marshal made the statutory warning to the debtors that the mortgaged farm would be sold at public auction, as required by § 170 of the Mortgage Law Regulations. We have decided that the absence of said warning in the demand for payment renders a deed of judicial sale void and not recordable. *Ojeda* v. *Registrar*, 39 P.R.R. 219.

The note appealed from will be affirmed.

Mr. Justice Snyder did not participate herein.